**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5056-16T2

US BANK NATIONAL ASSOCIATION,
as Trustee for Credit Suisse
First Boston 2005-9,

    Plaintiff-Respondent,

v.

SUZANNE D. MACDOWELL,

    Defendant-Appellant,

and

MR. MACDOWELL, husband of
SUZANNE D. MACDOWELL, and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., as Nominee for Credit Suisse
First Boston Financial Corporation,

    Defendants.

_____

        Submitted June 7, 2018 — Decided June 22, 2018

        Before Judges Simonelli and Haas.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Morris County, Docket No.
        F-045203-08.

        Barbarula Law Offices, attorneys for appellant
        (John M. Barbarula, on the briefs).

Reed Smith LLP, attorneys for respondent US Bank National Association (Henry F. Reichner, of counsel and on the brief; Kristy L. Keiser, on the brief).

Vastola & Sullivan, attorneys for respondent 415 Howard Boulevard, LLC (John J. Sullivan, Jr., on the brief).

PER CURIAM

In this foreclosure matter, defendant Suzanne D. MacDowell appeals from the June 14, 2017 Chancery Division order, which denied her motion to vacate the Sheriff's sale. On appeal, defendant contends that the failure to include certain property in the foreclosure complaint constitutes a fatal flaw rendering the complaint and Sheriff's sale null and void.[1] We disagree and affirm.

By deed dated August 5, 2005, defendant acquired property in the Borough of Mount Arlington (Borough). The legal description in the deed described a 100-foot by 50-foot lot designated as Lot 43 and Lot 44, Block 12, and also known as Lot 12 in Block 20, on

---

[1] We decline to address defendant's additional arguments that Rule 4:50-1 and Rule 4:50-2 should govern the time within which to file a motion to vacate a Sheriff's sale, plaintiff failed to comply with the requirements of the Fair Foreclosure Act. Defendant did not raise these arguments before the trial court and they are not jurisdictional in nature or substantially implicate the public interest. Zaman v. Felton, 219 N.J. 226-27 (2014) (citation omitted).

the Borough's tax map (the premises). The deed was recorded with the Morris County Clerk on August 18, 2005.

On August 5, 2005, defendant executed a note to Credit Suisse First Boston Financial Corporation (Suisse First) in the amount of $372,000. To secure payment of the note, defendant executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Suisse First, on the property. The mortgage was recorded with the Morris County Clerk on August 18, 2005. The legal description of the premises in the mortgage is identical to the legal description in the deed.

Over one year later, on August 15, 2006, defendant took title to an adjacent lot known as Lot 5, Block 20 on the Borough's tax map (the adjacent lot). The deed was recorded with the Morris County Clerk on September 8, 2006. The adjacent lot was not subject to the mortgage.

Defendant defaulted on the note on August 1, 2008, and has made no payment since then. On November 11, 2008, MERS, as nominee for Suisse Credit, executed an assignment of mortgage to plaintiff. The assignment was recorded with the Morris County Clerk on January 7, 2009.

On November 13, 2008, plaintiff filed a foreclosure complaint. The complaint identified the premises as the property subject to foreclosure. Defendant was properly served, but failed

to file an answer or otherwise defend. The court entered default on January 2, 2009. On October 13, 2009, the court entered a final judgment and writ of execution.

The proceedings were delayed for several reasons, including defendant's bankruptcy action. Due to the passage of time, plaintiff filed a motion to amend the final judgment. On December 31, 2014, the court entered an amended final judgment and amended writ of execution. The writ of execution described the premises as the property subject to the writ.

After numerous adjournments, the Sheriff's sale finally occurred on September 8, 2016. On October 24, 2016, the Sheriff executed a deed to the successful bidder. The Sheriff delivered the deed to the successful bidder and it was recorded with the Morris County Clerk on November 15, 2016.

On March 27, 2017, the successful bidder obtained a writ of possession for the premises. That same day, defendant filed a motion to vacate the Sheriff's sale. She argued, as she does on appeal, that the foreclosure complaint and Sheriff's deed were defective and void because they did not include the adjacent lot.

In a June 14, 2017 order, the motion judge denied the motion. In a written statement of reasons, the judge found the motion was untimely under Rule 4:65-5. Addressing the merits, the judge found there was no irregularity in the foreclosure proceedings and

legal or factual basis to vacate the Sheriff's sale.  This appeal followed.

The power to void a sheriff's sale "is discretionary and must be based on considerations of equity and justice."  First Tr. Nat'l Assoc. v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999) (citation omitted).  A motion to vacate a Sheriff's sale is governed by Rule 4:65-5, which states that any objection to the sale must be served within the ten days following the sale or before delivery of the deed, whichever is later.  "[O]ur courts will set aside a sheriff's sale for fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, or for other equitable considerations[.]"  Merola, 319 N.J. Super. at 50 (citation omitted).  However, despite the court's broad discretion to employ equitable remedies, this power should be "sparingly exercised" and "a sale so conducted shall be vacated only when necessary to correct a plain injustice."  Id. at 52 (citation omitted).

Applying the above principles, we discern no abuse of discretion in the court's denial of defendant's motion and no "plain injustice" requiring correction.  Defendant's motion was untimely under Rule 4:65-5.

Even if timely, there was no irregularity or deficiency in the foreclosure proceedings.  The complaint, writ of execution,

and Sheriff's deed all properly identified the premises as the property subject to foreclosure and sale. The mortgage did not include the adjacent lot, and thus, it was not subject to foreclosure or sale. The adjacent lot is a separate lot and defendant still owns it without any cloud on title.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5056-16T2